**SO ORDERED.**

**SIGNED October 31, 2024.**



_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**IN RE: GEORGE MARTIN**                             **CASE NO. 19-31260**
     **Debtor**

**DAVID W. ASBACH**
     **Plaintiff**

**VERSUS**                                                     **ADVERSARY NO. 21-3017**

**KAREN P. KEALY, ET AL.**
     **Defendants**

**REASONS FOR DECISION REGARDING MOTIONS FOR SUMMARY JUDGMENT**
**(ECF NOS. 304 AND 337)**

The Plaintiff, the United States Trustee, filed this Adversary Proceeding against Karen P. Kealy, also known as Karen P. Kisch; the Kealy Law Firm, PLLC; the Kisch Law Firm, PLLC; Steven Nahas; NVA Financial Services, LLC; US Auto Liquidators LLC; Jay Krueger; Jeffrey Giordano; All Provizions Inc.; Denise Rodriguez; Halima T. Narcisse, also known as Halima Narcisse Smith; and the Law Office of Halima Narcisse Smith, LLC. In its Third Amended Complaint, the United States Trustee seeks to Impose Fines, Sanctions and Injunctive Relief

against the Defendants for Violations of 11 U.S.C. §§ 110, 329, 526, 528 and for Abuse of Bankruptcy Process actionable under § 105(a). (ECF No. 240.)

Before the Court are the following dispositive motions: Motion for Summary Judgment (ECF No. 304) filed by Steven Nahas; and the Motion for Summary Judgment (ECF No. 337) filed by Karen P. Kealy, Kealy Law Firm, PLLC, Kisch Law Firm, PLLC, Jay Krueger and U.S. Auto Liquidators, LLC.

This Court has jurisdiction under 28 U.S.C. § 1334(a), Federal Rule of Bankruptcy Procedure 7001(1) and (7) and by virtue of the reference by the United States District Court for the Western District of Louisiana pursuant to 11 U.S.C. § 157(a) and Local District Court Rule 83.4.1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (E). The claims for relief in this Adversary Proceeding arise in the Bankruptcy Code under 11 U.S.C. Sections 105, 110, 329, 526, 528. All parties appearing herein have consented to this Court's constitutional authority to enter final orders and/or judgments in this matter pursuant to *Wellness Intl Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932 (2015). (*See* ECF No. 130, *and* ECF No. 126 (Withdrawal of Motion for Summary Judgment ECF No. 126 on behalf of NVA Financial Services, LLC, Steven Nahas).)[1]

The deadline for filing dispositive motions having passed, the Court conducted hearings on these Motions on August 28 and October 23, 2024. The arguments raised in the Motions urge

---

[1] NVA and Nahas have again alleged in their Answer to the Third Amended Complaint that they do not consent to the bankruptcy court entering an order or judgment as to the specific requests for relief sought by the Plaintiff. (ECF No. 249, pgs. 2-3.) To the extent this is an objection to the Court's authority to enter final orders/judgment in this case under *Stern v. Marshall*, 564 U.S. 462 (2011), that issue was raised in the Answer to Amended Complaint (ECF No. 111) and in a prior Motion for Summary Judgment by NVA at ECF No. 126 Despite the fact that the claims for relief alleged herein arise in and under the Bankruptcy Code and are therefore, not *Stern* claims, because the Motion for Summary Judgement was filed, the Court raised the issue at a preliminary pretrial conference on February 28, 2023, and pursuant to that conference, issued an Order permitting all parties to file and notice for a hearing on April 4, 2023 pleadings to Object to this Court's constitutional authority to enter final orders and/or judgments in this matter pursuant to *Wellness Intl Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S.Ct. 1932 (2015), and warned that failure to timely raise the objection would be deemed consent to this Court's authority to enter final orders and judgments subject to the Federal Rules of Appellate Procedure and the Federal Rules of Bankruptcy Procedure. (ECF No. 130.) No party filed a pleading to raise such an objection and Counsel for NVA and Nahas subsequently filed a Notice of Withdrawal of its Motion for Summary Judgment at ECF No. 136. Accordingly, despite the objection being repeated in the NVA and Nahas Answer to Third Amended Complaint, the Court finds NVA and Nahas have knowingly and voluntarily waived this issue by express (the Notice of Withdrawal) and implied consent to adjudication by the bankruptcy court under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. at 679 (2015).

common grounds for relief and the Court issues combined Reasons for Decision. For the following reasons, and for reasons stated orally, the Court denies the Motions for Summary Judgment.

**Applicable Law**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Civ. P. 56 summary judgment standard, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, provides "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is to pierce the pleadings, to assess the proof, and to determine whether there is a genuine need for trial. *Goodman v. Triple "C" Marine Salvage, Inc. (In re Gulf Fleet Holdings, Inc.),* 485 B.R. 329, 334 (Bankr. W.D. La. 2013), citing *Matsushita Electric Industries v. Zenith Radio Corp.* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986). Summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Id.*, citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986). To avoid summary judgment, the non-movant must come forward with evidence showing that there is a genuine dispute of material fact.

"In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)." *In re Acclivity Ancillary Servs. LLC*, No. 24-90001, 2024 WL 3886626, at *3 (Bankr. S.D. Tex. Aug. 20, 2024).

Under Local Bankruptcy Rule 7056-1, the bankruptcy court applies District Court Local Civil Rules 56.1 and 56.2 to the content of the motions and responses. The moving party "always bears the initial responsibility of informing the [C]ourt of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case." *In re Hydro–Action, Inc.*, 341 B.R. 186, 193 (Bankr.E.D.Tex.2006.) "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

I.  **Motion for Summary Judgment filed by Steven Nahas**

Steven Nahas is the manager and the sole officer of NVA Financial Services, LLC ("NVA"). Nahas filed his Motion for Summary Judgment and Memorandum in Support thereof, asking this Court to deny the claims of the UST made against Nahas individually. (ECF No. 304.) The UST filed a Statement of Material Facts as to which there exists a genuine issue of material fact at ECF No. 317, an Appendix of Excerpts to the Record as to which there exists a material issue of fact at ECF No. 318 and a post-hearing Statement of Significant Citations to the Appendix at ECF No. 348.

Nahas denies that he is a Petition Preparer or a Debt Relief Agency, and further denies that he violated certain requirements of debt relief agencies set forth in 11 U.S.C. Sections 526–528 of the Bankruptcy Code as a matter of law, and accordingly, he is not personally liable for the alleged Code violations. The Motion for Summary Judgment asserts eight grounds for dismissal under Bankruptcy Rule 7056. He denies that he is personally cloaked with "debt relief agency" status. The Court finds that genuine issues of material fact are in dispute.

Nahas argues that he is not an attorney and that he had no oral or written communications such that 11 U.S.C Section 329 cannot be applied to him as a matter of law. However, Section 329 providing for disgorgement of excess compensation paid professionals and corresponding bankruptcy rules apply to all persons who render legal services to debtor, and such services would include soliciting financial information and assisting with preparation of schedules. *In re Grimes*, 115 B.R. 639 (Bankr. D.S.D. 1990). Legal services performed in the unauthorized practice of law include soliciting the financial information of the Debtor. *Id*. "[A]lthough § 329 refers specifically

4

to attorneys, F.R.B.P. 2016(a) applies to any "entity seeking interim or final compensation for services, or reimbursement of necessary expenses." *In re Taylor*, 216 B.R. 515, 522–23 (Bankr. E.D. Pa. 1998)(Court disgorged lay advocate "property finders" engaging in unauthorized practice who were profiteering by charging fees clearly in excess of the value of their services.); *See also In re Campanella*, 207 B.R. 435, 443 (Bankr.E.D.Pa.1997)(referencing "[t]he considerable body of caselaw holding that it is highly proper for this court to regulate the practices and compensation of lay advocates as well as attorneys who practice before it pursuant to 11 U.S.C. § 329 and Federal Rules of Bankruptcy Procedure 2016 and 2017).

The Complaint alleges Nahas, through NVA, "without regard to corporate formalities and legal separateness to such degree that the two individuals and their entities are collectively indistinguishable" and in concert with the other Defendants solicited Martin and other Debtors for foreclosure prevention, loan modification and debt relief services, collected financial information from Martin's mortgage lender and debited Martin's checking account for months for "fees" Martin believed were paid to a local attorney, prior to the filing of the deficient *pro se* Petition for Bankruptcy relief. (ECF No. 240, ¶¶ 8, 44, 53, 55-56, 60-63.) The UST argues the liability for such disgorgement should be joint and several with all Defendants who exercised some control over or substantially participated in the enterprise.

The Court finds there is a genuine issue of material fact regarding whether Mr. Nahas received any part of attorney fees "paid or agreed to be paid" "in contemplation of or in connection with" a bankruptcy case and whether Nahas and/or his organization engaged in unauthorized practice of law and received compensation for such. Accordingly, the Court denies this request for summary judgment as a matter of law under Fed. R. Civ. P. 56.

Nahas "requests a summary judgment be granted in favor of Steven Nahas confirming that the plaintiff seeks recovery in the plaintiff's third amended complaint solely for bankruptcy cases filed in the Western District of Louisiana." (ECF No. 306, pg. 20.) In furtherance of the UST allegation that the Defendants engaged in a pattern of bankruptcy abuse that resulted in many deficient *pro se* Petitions filed, the Complaint alleges at least 50 Louisiana homeowners were adversely affected and includes a list of 27 of these *pro se* cases from the Western, Middle and Eastern Districts of Louisiana. (ECF No. 240, pg. 27-29, ¶¶86-95.) The U.S. Trustee "generally agrees his Third Amended Complaint does not seek recovery for "actual damages" suffered by

5

homeowners residing outside this District—even though Defendants' conduct outside this District remains relevant to determining appropriate sanctions and injunctive relief." (ECF No. 318, pg. 2.) At the hearing, the Court inquired, and Counsel for the UST clarified, that the list of cases is offered by the UST as probative evidence in support of its claims. This Adversary Proceeding is an action related to the above caption Bankruptcy Case of George Martin and has not been filed or jointly administered with any other case or proceeding before this Court. Insofar as the argument is raised to confirm the UST's intent regarding a future offering of evidence at trial, the Court finds this argument by Nahas does not assert any ground for relief on summary judgment.

Nahas argues that Plaintiff is barred by the statute of limitations. Title 28 U.S.C. Section 1658 provides: (a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues. 28 U.S.C. Section 1658 (West).

Again, it appears Nahas makes this argument with respect to the list of cases the UST included in the Complaint at ¶¶86-95, some of which were filed more than four years prior to the filing of this Adversary Proceeding. Having already established that the list of cases referred to in the Complaint are referenced for any purpose other than in support of the UST claims, there is no applicable statute of limitations on the introduction of evidence. Even further, the UST argues in its Response to this Motion that the statute of limitation period begins when the cause of action "accrues." The cause of action accrues when the Plaintiff "knows or has reason to know of the injury which is the basis of the cause of action," which is when the Plaintiff discovers the facts that constitute the legal violation. *Adepegba v. State of La.,* 41 F.3d 663 (5th Cir. 1994); *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014); *Collier v. Washington,* 551 B.R. 249, 256 (W.D. La. 2016)(The statute of limitations period would not necessarily have begun at the outset of representation," but may begin to run only after " 'the plaintiff ... discovers or a reasonably diligent plaintiff would have discovered the facts constituting the violation.). The UST argues the Defendants actively hid the facts pertaining to the claims raised in the Complaint, such that:

> The full extent [of the cause of action] was not learned until after Defendants finally produced all documents requested under Rule 34, in July 2023. This [is] when the cause of action actually accrued. However, the earliest date it might be said there was reason to

know of Defendants' abuse was after Mr. Martin's current bankruptcy counsel first enrolled his behalf, which was June 2020.

(ECF No. 319, pg. 37.)

Nevertheless, the Martin Bankruptcy Case to which the Adversary Proceeding relates was filed on August 2, 2019. This Adversary Proceeding was filed on December 23, 2021, well within the 4-year period, and the Third Amended Complaint relates back to the Original Complaint filed that date under Fed. R. Civ. P. 15(c)(1)(B). At the hearing, Counsel for Nahas conceded that 28 U.S.C. Section 1658 does not limit the cause of action asserted in this Adversary Proceeding as it relates to the Bankruptcy Case of George Martin. Accordingly, the Court finds the action is not barred by the statute of limitations and denies summary judgment as a matter of law under Bankruptcy Rule 7056.

Nahas tests the sufficiency of the allegations, asserting the Complaint lacks specific words in the prayer for relief asking the Court to pierce the corporate veil and fails to state under which theory the veil should be pierced, whether under allegations of fraud or alter-ego. He also argues that ¶9 of the Complaint does not identify what business entities the Complaint is referring, even though it clearly refers to NVA and despite the fact that his motion inartfully "requests the Court deny to pierce [sic] the corporate veil of NVA Financial Services, LLC." (ECF No. 306, pg. 28.) Nahas requests Summary Judgment denying any claim of the plaintiff to pierce the veil or disregard the corporate entity to NVA Financial Services LLC.

Insofar as Nahas seeks summary judgment precluding any relief under a veil piercing theory, "considering the [Plainitff's] allegations in the context of the single business enterprise doctrine developed by Louisiana courts, the court concludes that the claims in . . . the Complaint should be governed by the choice-of-law rules applicable to veil-piercing claims. *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 786–87 (Bankr. W.D. La. 2013). Louisiana's choice-of-law rule for veil-piercing claims requires the court will look to the law of the state of incorporation, which for NVA Financial Services, LLC is Virginia. *Id*. at 788.

"The Virginia Supreme Court has stated that . . . courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crimes of others." *Virginia Brands, LLC v. Kingston Tobacco Co*., 2015 WL 877388, at *1 (W.D. Va. Mar. 2, 2015). Movants assert that Louisiana law applies here and the

7

state of incorporation, choice of law and acts surrounding the issue are in dispute. The Court makes no finding regarding the applicable choice of law at this time absent further fact finding.

With respect to the sufficiency of the pleadings, the Complaint alleges sufficient facts to state a claim to set aside the corporate veil under the alter-ego theory: "without regard to corporate formalities and legal separateness to such degree that the two individuals and their entities are collectively indistinguishable." However, the Complaint also alleges sufficient facts to state a claim under the more stringent Rule 9(b) particularity standard to set aside the corporate veil under Virginia's "fraud" theory, i.e. facts that show Nahas "controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Id*. Genuine issues of material fact and law exist which preclude summary judgment in favor of Nahas on this issue.

Nahas alleges the Complaint fails to adequately plead a joint enterprise or partnership between the Defendants. The Court finds this argument tests the sufficiency of the allegations rather than asserts a ground for judgment as a matter of law. It is substantively the same as of the ground for relief alleged in the Motion for Judgment on the Pleadings filed by the Kealy Defendants and NVA, and as such, the Court relies on the reasons and ruling delivered separately. Nevertheless, this issue being raised in a Motion for Summary Judgment, the Court finds the existence of a genuine dispute regarding material fact, precluding summary judgment.

Finally, Nahas argues the Complaint does not state a claim under 11 U.S.C. 105. Section 105(a) states: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C Section 105 (West).

Nahas argues that 11 U.S.C. Section 105 does not confer a separate right of action. But, the Court notes that the Complaint does not allege a cause of action under Section 105 alone but rather in conjunction with the Defendants' alleged violations of Sections 110, 526 and 528. The United States Supreme Court has affirmed "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375, 127 S. Ct.

1105, 1112, 166 L. Ed. 2d 956 (2007); *U.S. v. Sutton,* 786 F.2d 1305, 1307 (5th Cir.1986) (noting that Section 105(a) "authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code").

The Bankruptcy Court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct. *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). Further, bankruptcy courts have inherent sanction authority to deter and provide compensation for a wide range of improper conduct, provided that the Court make an explicit finding of bad faith shown by clear and convincing evidence. *In re Rodriguez*, 652 B.R. 750, 759–60 (Bankr. S.D. Tex. 2023).

The Complaint alleges Nahas used NVA and Kealy's business entities to abuse the bankruptcy process directly and through their entities, which falls squarely within the Court's authority to regulate under *Marrama*. (ECF No. 240, ¶8.) The Complaint then alleges specific facts, which the parties dispute, to show how Nahas and the other Defendants operated an abusive foreclosure defense scheme in the Martin case and as a pattern of practice. These facts have been supported by the evidence, particularly the telephone script read to prospective clients leading them to believe attorneys are working on their behalf and the Deposition of Nahas admitting he refers clients for bankruptcy filing. (ECF No. 317-4, ECF No. 317-1, pg. 194.)

Finding a genuine issue of material fact exists as to whether Nahas engaged in an abusive foreclosure defense scheme along with some or all of the codefendants in violation of the Bankruptcy Code as outlined in all eight counts of the Complaint, the Court denies summary judgment on this ground as a matter of law under Bankruptcy Rule 7056.

**Motion for Summary Judgment filed by Karen P. Kealy, Kealy Law Firm, PLLC and Kisch Law Firm, PLLC, Jay Krueger and U.S. Auto Liquidators, LLC** (ECF No. 337)

The Kealy and Krueger Defendants filed a Motion for Summary Judgement asserting three grounds for relief as a matter of law:

    A. The UST has failed to show sufficient evidence of a Joint Enterprise against Defendants.

9

B. The UST has failed to show sufficient evidence the Defendants are Debt Relief Agencies.

C. The Kealy Defendants are excluded from the definition of Debt Relief Agencies as Employees or Agents of NVA.

The Complaint alleges the codefendants acted in concert. Whether a defendant acted in a manner falling within the definition of a petition preparer, a debt relief agency, offered "bankruptcy assistance," or committed any act found to be "fraudulent, unfair or deceptive," individually or jointly, are all subject to findings of fact at trial on the merits as the parties herein have disputed these facts. 11 U.S.C. 101 and 526.

Kealy, Krueger and Nahas agreed at the hearing to consolidate argument on the Motions for Summary Judgment. The UST submitted 470 pages of exhibits (ECF Nos. 240, 317 and 359) evidencing multiple genuine issues of disputed material fact. While Defendants strenuously argued for summary judgment, the arguments clearly identified disputed facts which did not entitle the Defendants to judgment as a matter of law and which disputes must be resolved at trial on the merits.

For all of the foregoing reasons, the Motion for Summary Judgment (ECF No. 304) filed by Defendant, Steven Nahas and the Motion for Summary Judgment (ECF No. 337) filed by Karen P. Kealy, Kealy Law Firm, PLLC and Kisch Law Firm, PLLC, Jay Krueger and U.S. Auto Liquidators, LLC are DENIED. A separate and conforming Order will be entered.