**SO ORDERED.**

**SIGNED August 28, 2025.**



_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**IN RE: GEORGE MARTIN**                                         **CASE NO. 19-31260**
      Debtor

**DAVID W. ASBACH**
      Plaintiff

**VERSUS**                                                                                       **ADVERSARY NO. 21-3017**

**KAREN P. KEALY, ET AL.**
      Defendants

## JUDGMENT

      Presently before the Court is the Complaint filed by the United States Trustee ("UST") against Karen P. Kealy, also known as Karen P. Kisch ("Kisch"), the Kealy Law Firm, PLLC, the Kisch Law Firm, PLLC; Steven Nahas, NVA Financial Services, LLC ("NVA"); US Auto Liquidators LLC; Jay Krueger; Jeffrey Giordano; All Provizions Inc.; Denise Rodriguez; Halima T. Narcisse, also known as Halima Narcisse Smith ("Narcisse"), and the Law Office of Halima Narcisse Smith, LLC. The Court took the case under advisement following a trial on the merits. For the reasons stated in the Memorandum Opinion entered into the record this date, Judgment is rendered in favor of the Plaintiff and against Defendants as follows:

## Relief Pursuant to 11 U.S.C. § 110

1. **IT IS HEREBY ORDERED and ADJUDGED** that, pursuant to 11 U.S.C. § 110(l), the Court having found each of the twelve Defendants violated § 110(b)(1), § 110(b)(2), § 110(c)(2)(A), § 110(c)(2)(B), § 110(e)(2)(B) and § 110(h)(3)(B), these six violations result in a fine of $500 for each violation for a total of $3,000 for such violations, and the Court having found cause to triple such fine under § 110(l)(2), **each Defendant is FINED $9,000.00**, as follows:

    **Steven Nahas - $9,000.00,**
    **NVA Financial Services, LLC - $9,000.00,**
    **Karen P. Kisch - $9,000.00,**
    **Kealy Law Firm, PLLC - $9,000.00,**
    **Kisch Law Firm, PLLC - $9,000.00,**
    **Jay Krueger - $9,000.00,**
    **US Auto Liquidators LLC - $9,000.00,**
    **Jeffrey Giordano - $9,000.00,**
    **Halima Narcisse Smith - $9,000.00,**
    **Law Office of Halima Narcisse Smith, LLC - $9,000.00,**
    **Denise Rodriguez - $9,000.00,**
    **All Provizions Inc. - $9,000.00,**

    which amounts under § 110(l)(4)(A), **SHALL** be paid to the United States Trustee within thirty (30) days of the date of this Judgment. Within 3 days of the date of this Judgment the United States Trustee shall provide Defendants with the address and any payment information required;

2. **IT IS FURTHER ORDERED and ADJUDGED** that pursuant to § 110(h)(3)(B), all fees paid by Mr. Martin are disgorged and disallowed and Defendant NVA Financial Services, LLC as the collector of the fees shall pay $5,995.00 within 30 days to Chapter 13 Trustee, Eugene Hastings, P.O. Box 14839, Monroe, LA 71207 in Mr. Martin's Case No. 19-31260, to be held pending further orders of this Court;

3. **IT IS FURTHER ORDERED and ADJUDGED** that, pursuant to 11 U.S.C. § 110(i)(1), the Court having found the conduct of each of the twelve Defendants to be fraudulent, unfair and

deceptive, pursuant to § 110(i)(1)(B), **each Defendant shall pay to the Debtor, Mr. Martin, $2,000.00** as follows:

> **Steven Nahas - $2,000.00,**
> **NVA Financial Services, LLC - $2,000.00,**
> **Karen P. Kisch - $2,000.00,**
> **Kealy Law Firm, PLLC - $2,000.00,**
> **Kisch Law Firm, PLLC - $2,000.00,**
> **Jay Krueger - $2,000.00,**
> **US Auto Liquidators LLC - $2,000.00,**
> **Jeffrey Giordano - $2,000.00,**
> **Halima Narcisse Smith - $2,000.00,**
> **Law Office of Halima Narcisse Smith, LLC - $2,000.00,**
> **Denise Rodriguez - $2,000.00,**
> **All Provizions Inc. - $2,000.00,**

which amounts **SHALL** be paid to the Chapter 13 Trustee for the estate of the related bankruptcy case, Mr. Eugene Hastings, P.O. Box 14839, Monroe, LA 71207, within 30 days of the date of this Judgment, to be held by the Chapter 13 Trustee pending further orders of the Court in Case No. 19-31260;

4. **IT IS FURTHER ORDERED and ADJUDGED** that, pursuant to 11 U.S.C. § 110(i)(1), the Court having found the conduct of each of the twelve Defendants to be fraudulent, unfair and deceptive, pursuant to §110(i)(1)(C), **the Defendants, liable jointly and severally, shall pay the reasonable attorneys' fees and costs on behalf of the Debtor, Mr. Martin,** in the amount of **$11,000.00,** which amount **SHALL** be paid to the Chapter 13 Trustee for the estate of the related bankruptcy case, Mr. Eugene Hastings, within thirty (30) days of the date of this Judgment to be held pending further order of the Court;

5. **IT IS FURTHER ORDERED and ADJUDGED** that **INJUNCTIVE RELIEF** is **GRANTED** under § 110(j)(2)(A) and each Defendant and each Defendant's employees, independent contractor(s) and any related entities are **HEREBY PROHIBITED** from acting

as a petition preparer, providing bankruptcy services of any kind to any individual who could file a bankruptcy case in the Western District of Louisiana, including (i) giving, providing or offering advice or counsel to any person regarding their eligibility to file bankruptcy, (ii) encouraging, counseling, suggesting or advising any person to file, continue, or discontinue a bankruptcy case, (iii) engaging in the unauthorized practice of law, (iv) corresponding in any way to give personally identifying information or providing contact information for any individual who could file a bankruptcy case in the Western District of Louisiana to any bankruptcy petition preparer, typist, bankruptcy form provider or any such service;

## Relief Pursuant to 11 U.S.C. §§ 526, 527, and 528

1. **IT IS FURTHER ORDERED and ADJUDGED** that, the Court having found each of the twelve Defendants violated 11 U.S.C § 528(a)(1), § 528(a)(2), and § 528(b)(2), pursuant to § 526(c)(1), any and all purported Agreements or contracts between the Defendants and Mr. Martin are declared null and unenforceable by any person other than Mr. Martin;

2. **IT IS FURTHER ORDERED and ADJUDGED** that, the Court having found each of the twelve Defendants violated 11 U.S.C. §526(a)(3)(A); §526(a)(3)(B); §526(c)(2)(A); §526(c)(2)(B); §526(c)(2)(C); §528(a)(1); §528(a)(2); and §528(b)(2), **pursuant to 11 U.S.C. § 526(c)(2),** the Court awards damages **against each Defendant in the amount of $8,000.00**, above and beyond any other fines, damages or amounts disgorged, for **a total award of $96,000.00, for which the Defendants are jointly and severally liable**, which amounts shall be paid to the Chapter 13 Trustee for the estate of the related bankruptcy case, Mr. Eugene Hastings P.O. Box 14839, Monroe, LA 71207, within thirty (30) days of the date of this Judgement, to be held by the Chapter 13 Trustee pending further orders of the Court in Case No. 19-31260;

3. **IT IS FURTHER ORDERED and ADJUDGED** that pursuant to 11 U.S.C. § 526(c)(5), the Court imposes civil penalty against each Defendant above and beyond any other fines, damages or penalties, as follows:

> **Steven Nahas and NVA Financial Services, LLC, $372,000.00**, payable jointly and severally, $22,000.00 of which is to be paid to Mr. Martin through his Chapter 13 Trustee, Eugene Hastings with the balance of $350,000.00 payable to the United States Trustee;
>
> **Karen P. Kisch, Kealy Law Firm, PLLC and Kisch Law Firm, PLLC, $372,000.00,** payable jointly and severally, $22,000.00 of which is to be paid to Mr. Martin through his Chapter 13 Trustee, Eugene Hastings with the balance of $350,000.00 payable to the United States Trustee;
>
> **Jay Krueger and US Auto Liquidators LLC, $93,000.00**, payable jointly and severally to the United States Trustee;
>
> **Jeffrey Giordano, $10,665.00**, payable to Mr. Martin through his Chapter 13 Trustee, Eugene Hastings;
>
> **Halima Narcisse Smith and Law Office of Halima Narcisse Smith, LLC**, **$20,500.00**, payable jointly and severally to Mr. Martin through his Chapter 13 Trustee, Eugene Hastings;
>
> **Denise Rodriguez and All Provizions Inc., 37,200.00**, payable jointly and severally to the United States Trustee;

These amounts are payable within 30 days to the parties indicated above.

**Relief Pursuant to 11 U.S.C. 329**

1. **IT IS FURTHER ORDERED and ADJUDGED** that within thirty (30) days, Ms. Narcisse is ordered to disgorge $439.00 in fees and Ms. Kisch is ordered to disgorge $110.00 in fees, both to be paid to the Chapter 13 Trustee for the estate of the related bankruptcy case, Mr. Eugene Hastings P.O. Box 14839, Monroe, LA 71207, to be held pending further order of the Court in Case No. 19-31260;

2. **IT IS FURTHER ORDERED** that Ms. Narcisse and Ms. Kisch be immediately suspended from practice before the United States Bankruptcy Court for the Western District of Louisiana for a period of ninety (90) days pursuant to Local Rule 83.2.10(B)(2) and the Court **ORDERS** the Clerk of the Bankruptcy Court to immediately suspend the CM/ECF passwords and privileges for Ms. Narcisse and Ms. Kisch;

3. **IT IS FURTHER ORDERED** that the Court hereby **REFERS** Ms. Halima Narcisse (La. Bar Roll No. 28233) and Ms. Karen P. Kisch (Texas Bar Roll No. 1139175) to the District Court

for disciplinary actions. The Court recommends to the District Court that Ms. Narcisse and Ms. Kisch be suspended from practice in the Western District of Louisiana for a period of 1 year under Local Rule 83.2.10 and that any readmission to practice be conditioned upon applicants' showing of compliance with all terms of this Judgment and the completion of 30 hours of CLE including ethics, law office management and practice and consumer bankruptcy.

## General Relief

1. **IT IS FURTHER ORDERED** that upon payment of the disgorged fees, fines, damages and penalties ordered herein the recipients, the United States Trustee and the Chapter 13 Trustee for the estate of the related bankruptcy case, Mr. Eugene Hastings, **SHALL FILE** a Certificate of Receipt in the record of this Adversary Proceeding within three (3) days' of receipt;

2. **IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff is awarded post-judgment interest on the entire amount from the date of the entry of the Judgment until paid, at the statutory rate as prescribed by 28 U.S.C. § 1961;

3. **IT IS FURTHER ORDERED AND ADJUDGED** that within forty-five (45) days of entry of this Judgment, each Defendant shall file a certification in this Adversary Proceeding certifying (1) the amount of each of the payments paid by said Defendant; (2) the date Defendant issued each payment; (3) to whom each payment was made; (4) the means by which Defendant transmitted each payment, and (5) whether each of the payment(s) has been negotiated, and if so, the date of negotiation. In addition to filing the certification, Defendants shall also send a copy of the actual negotiated payments to the payee, either the United States Trustee or Chapter 13 Trustee within forty-five (45) days of entry of this Judgment;

4. **IT IS FURTHER ORDERED AND ADJUDGED** this Judgment arises out of and solely resolves the United States Trustee's Complaint related to the case of Mr. George Martin, Case Number 19-31260 and the abuse of Defendants related thereto. Nothing in this Judgment should be construed to affect or adjudicate any rights or causes of action of any other Debtors or parties against Defendants herein or the duties or authority of this Court to act on its own motion under the Bankruptcy Code;

5. **IT IS FURTHER ORDERED** that failure to comply with the terms of this Judgment may result in a finding by the Court that Defendant is in civil contempt, which finding could result in further fines, and/or penalties, sanctions or injunctive relief, and the Court hereby retains jurisdiction for the enforcement of this Judgment and future distribution of disgorged funds, damages, sanctions and penalties.

6. **FINALLY,** The Clerk of Court is directed to serve, electronically and by First Class mail, a copy of this Judgment and the Memorandum Opinion filed herewith on all parties to this Adversary Proceeding and Chief Judge John Hodge; Debtor George Martin and his counsel, Joseph R. Moore; and Chapter 13 Trustee, Eugene Hastings.

# # #